UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| CHARLES E. MAYNARD | : | CIVIL ACTION NO.: |
| AND | : | |
| CONNIE MAYNARD | : | JUDGE: |
| | : | |
| PLAINTIFFS, | : | |
| vs. | : | |
| KING'S DAUGHTERS HEALTH SYSTEM, INC. d/b/a, a/k/a KING'S DAUGHTERS MEDICAL CENTER, a corporation; KENTUCKY HEART INSTITUTE, INC., a corporation; RICHARD E. PAULUS, M.D.; ASHLAND HOSPITAL CORPORATION d/b/a, a/k/a KING'S DAUGHTERS MEDICAL CENTER; KING'S DAUGHTERS HEALTH SYSTEM, INC. d/b/a, a/k/a ASHLAND HOSPITAL CORPORATION d/b/a, a/k/a KING'S DAUGHTERS MEDICAL CENTER AND KING'S DAUGHTERS HEALTH SYSTEM, INC.,; COMPREHENSIVE HEART & VASCULAR ASSOCIATES, INC.; TRI-STATE VASCULAR SPECIALISTS, a corporation ; KENTUCKY HEART & VASCULAR  PHYSICIANS, INC., a corporation; KING'S DAUGHTERS DIAGNOSTIC CENTER, a corporation; TRI-STATE DIAGNOSTIC CENTER, a corporation; RICHARD E. PAULUS, M.D., P.S.C., a corporation | : : : : : : : : | **COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |
| **Defendants** | : | |
| | : | |
| | : | |
| | : | |

## JURISDICTION AND VENUE

1. An actual justiciable controversy exists between Plaintiffs and the Defendants within the meaning of 28 U.S.C. § 2201 regarding medical care provided by Defendants to Plaintiff Charles Maynard.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the residences of the parties between whom there is controversy are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant jurisdiction is claimed for all Kentucky State claims alleged herein.

3. Venue is proper in this judicial district because all acts giving rise to this action occurred in Ashland, Boyd Country, Kentucky. The controversy relates to the Defendants' medical care of Plaintiff Charles Maynard. Plaintiff Connie Maynard's claim is derivative as Charles Maynard's spouse. Her claims are for loss of services and consortium and medical expenses incurred by Charles Maynard.

## TOLLING OF THE STATUTE OF LIMITATIONS AND ESTOPPEL

4. Due to Defendants' deception, fraud, negligence and other specified misconduct alleged herein these Plaintiffs have been unaware of the acts of Defendants that caused harm to them. Plaintiffs discovered Defendants' acts within the year last past. Therefore any time bar ordinarily applied to Plaintiffs' claims have been tolled due to Defendants' conduct and Plaintiffs' lack of awareness. The time for applying the appropriate statute of limitations accrued no sooner than the date of discovery by Plaintiffs.

5. Further, the Defendants are estopped from relying on any statutes of limitations due to their alleged misconduct as set forth herein.

## PARTIES AND DIVERSITY

6. Plaintiff Charles Maynard and Connie Maynard are citizens and residents of the State of Ohio. They are husband and wife. All Defendants are citizens and residents of states other than Ohio.

7. Defendant King's Daughters Health System, Inc., King's Daughters Medical Center, King's Daughters Hospital, Ashland Hospital Corporation are Kentucky corporations (hereinafter "King's Daughters) with their principal place of business in Ashland, Kentucky. At all times herein mentioned Defendant Dr. Richard Paulus was an agent and employee of said Defendants.

8. Defendant RICHARD E. PAULUS, M.D. ("Dr. Paulus") at all times mentioned was a citizen of Kentucky.

9. Kentucky Heart Institute, Inc. is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

10. Comprehensive Heart & Vascular Associates, Inc. is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

11. Tri-State Vascular Specialists is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

12. Kentucky Heart & Vascular Physicians, Inc. is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

13. King's Daughters Diagnostic Center is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

14. Tri-State Diagnostic Center is a Kentucky corporation with a principal place of business located in Ashland, Kentucky.

15. Richard E. Paulus, M.D., P.S.C. is a Kentucky professional services corporation with a principal place of business located in Ashland, Kentucky. At all times herein mentioned, Defendant Richard Paulus is an agent and employee of said Defendant.

16. Richard Paulus, M.D. is a physician licensed to practice medicine in Kentucky with a principal office located at 613 23rd Street, Suite 230, Ashland, Kentucky 41101.

17. All remaining Defendants are Kentucky corporations involved in the medical care of Plaintiff Charles E. Maynard.

18. All acts complained of herein are those of agents and employees of the named Defendants.

## COUNT I
## MEDICAL NEGLIGENCE AND MALPRACTICE

19. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

20. On or about April 18, 2008 Plaintiff Charles Maynard became a patient of Defendants commencing his medical treatment at the emergency room of King's Daughters. Said Plaintiff was then admitted to King's Daughters with a history of chest pain. Thereafter, Defendants King's Daughters and its affiliate Defendants engaged Defendant Dr. Paulus and his groups as heart doctors for treatment of Mr. Maynard.

21. Thereafter, Dr. Paulus performed a cardiac angiogram on Charles Maynard. Dr. Paulus negligently and erroneously reported a 99% blockage in Mr. Maynard's aorta. Dr. Paulus unnecessarily and negligently performed a stenting of the aorta. During the aforesaid, Dr. Paulus and Defendants by their actions as aforesaid negligently, proximately and directly caused Plaintiff Charles E. Maynard to sustain an aortic aneurism to his permanent damage and harm. Dr. Paulus and the Defendants by their course of conduct as aforesaid caused severe and disabling permanent personal

injury to Charles Maynard past, present and future which required further medical treatment, medical expenses to Plaintiffs, disability, pain and suffering as well as a loss to his wife Connie of his services and consortium past, present and future.

## COUNT II
## FRAUD

22. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

23. Defendants knowingly subjected Plaintiff Charles Maynard to significant medical risks with no countervailing benefit and procured consent to the procedure based on false representations that the procedure was necessary and based on fraudulent concealment of medical facts.

24. The nurses, technicians, and staff in the cardiac catherization laboratory and executives and managers at King's Daughters knew or should have known King's Daughters employed and engaged physicians, specifically Defendant Dr. Richard Paulus, who were performing unnecessary and non-indicated procedures and they failed to prevent or report Dr. Paulus' actions.

25. At all relevant times, including during the procedures performed on Plaintiff Charles E. Maynard, the actual and apparent employees of and agents of King's Daugthers and other corporate Defendants (including executives, managers, medical directors, cardiac catherization technicians, radiology technicians, and nurses) were physically present during each of the cardiac procedures ordered and performed by Defendant Paulus and his groups in the catheterization lab. These employees had access to and reviewed the medical records, images, and charts of each of the patients who underwent cardiac catherizations and other cardiac procedures in the catherization lab, including Charles Maynard, conducted or should have conducted pre-procedure workups of Charles Maynard who underwent cardiac catherizations and other cardiac procedures ordered and performed by the Defendant physician and his groups, viewed and monitored the images of the hearts and vascular

system of each of the patients who underwent cardiac catheterizations and other cardiac procedures, assisted physicians in the placement of catheters and other instruments, and provided post-procedure care and treatment to said patient.

26. Despite the fact that they knew or should have known that King's Daughters' employees and non-employees were regularly ordering and performing unnecessary and non-indicated procedures, the Defendants allowed their employees and non-employees to order, perform, and bill for the procedures.

27. Defendants intended that Plaintiff would rely upon and act upon Defendants' misrepresentations and concealment by his consenting to undergo the cardiac procedures.

28. Defendants knew Plaintiff Charles Maynard would probably rely upon their negligent and fraudulent medical advice, as they knew said Plaintiff would have opted to not undergo the procedures if said Plaintiff had been provided accurate medical information regarding his individual medical condition and the proposed procedures.

29. As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiffs suffered harm and damage as set forth herein.

## COUNT III
## FRAUD AND PURPOSEFUL MISREPRESENTATION AND CONCEALMENT

30. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

31. Defendants performed and billed for unnecessary, negligently performed, and contraindicated procedures on Plaintiff Charles E. Maynard's heart and vascular system.

32. Defendants fraudulently concealed from Plaintiff Charles E. Maynard that he did not require the cardiac procedures performed on him.

33. Defendants' false concealment of material information was made knowingly and with reckless disregard for their truth.

34. The fraudulent concealing of material information was intended to induce Plaintiff to consent to the performance of cardiac procedures.

35. Defendants' misrepresentations and concealment were material to Plaintiff's consent to the cardiac procedures.

36. Plaintiffs justifiably and reasonably relied on Defendants' misstatements and concealment-all done in the context of the healthcare provider-patient relationship of trust and confidence-in agreeing to undergo the unnecessary procedures. But for Defendants' misrepresentations and concealment, Plaintiff would not have consented to the procedures.

37. As a direct, proximate and foreseeable result of Defendants' conduct Plaintiffs suffered harm as set forth herein.

## COUNT IV
## NEGLIGENT HIRING, SUPERVISION, CREDENTIALING, AND PRIVILEGING

38. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

39. Dr. Paulus was the actual agent, ostensible agent, servant, or apparent agent, or employee of the named Corporate Defendants.

40. Corporate Defendants granted hospital privileges to Dr. Paulus and other physicians, authorizing them to perform medical procedures including the services, treatment and surgery rendered to Plaintiff Charles E. Maynard.

41. Corporate Defendants owed a duty to Plaintiffs to train, supervise, credential, and privilege employees and physicians who were competent for the position and to supervise those defendants in a reasonable manner.

42. Corporate Defendants had actual constructive knowledge of Dr. Paulus' pattern and practice of ordering and performing unnecessary and medically inappropriate procedures, and failure to disclose such information to a patient and his negligence aforesaid.

43. Corporate Defendants failed to use reasonable care in hiring, supervising, credentialing, privileging, and retaining Dr. Paulus.

44. Corporate Defendants deliberately and negligently failed to inquire, probe or examine the competency and conduct of Dr. Paulus because they profited and were enriched by his and their misconduct.

45. Corporate Defendants had an obligation to properly administer a program of quality and exercise control over Dr. Paulus. Proper quality control would have resulted in stricter supervision of Dr. Paulus and would have prevented Plaintiff Charles Maynard from being subjected to medically unnecessary procedures and injury.

46. As a direct, proximate and foreseeable result of Defendants' conduct, Plaintiffs suffered harm and damage as set forth herein.

## COUNT V
## CIVIL CONSPIRACY

47. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

48. Defendants, by agreement among themselves and pursuant to a common design, committed tortious acts including, but not limited to, knowingly and unlawfully providing medical facilities and substantial assistance needed to perform, and did in fact perform, the unnecessary, non-indicated, negligent and unlawful procedures on Plaintiff Charles E. Maynard which resulted in damage to Plaintiffs.

49. This agreement or understanding allowed all Defendants to benefit financially from unnecessary, negligently performed and non-indicated procedures, and was likely in violation of Kentucky and federal laws regarding kickbacks and referrals.

50. As a direct, proximate and foreseeable result of Defendants' conduct Plaintiffs suffered harm as set forth herein.

## COUNT VI
## UNJUST ENRICHMENT

51. Plaintiffs hereby reassert and incorporate by reference the allegations contained in this Complaint as if set forth herein.

52. At all times material hereto, the Defendants received financial benefits for the performance of medically unnecessary harmful and negligent cardiac procedures.

53. At all times material hereto, the Defendants and their physicians, employees and agents represented to Plaintiffs that the cardiac procedures were necessary, when in fact the Defendants knew that their representations were medically unnecessary and harmful to Plaintiff Charles Maynard.

54. At all times material hereto, the Defendants knew that if they advised Plaintiff Charles Maynard of the risks involved with performing these medically unnecessary cardiac procedures, said Plaintiff would not have consented to the procedures. Therefore said Plaintiff relied on the false representations of the necessity of these cardiac procedures without knowing of the risk to his health.

55. At all times material hereto, the Defendants failed to disclose to Plaintiff Charles Maynard material facts concerning the harmful effects of the cardiac procedures and negligently performed the procedures.

56. At all times material hereto, the Defendants knew that if they advised Plaintiff Charles Maynard of the risks to his health by consenting to and undergoing the unnecessary and negligently performed procedures, said Plaintiff would refuse to consent to the Defendant's

performance of these procedures. As a result, the Defendants have been unjustly enriched, through profits, bonuses and incentive payments earned by not properly advising Plaintiff Charles Maynard of the risks associated with undergoing unnecessary and negligently performed cardiac procedures.

## COUNT VII
## CONSUMER PROTECTION ACT

57. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

58. Plaintiff Charles Maynard received medical services from the Defendants primarily for his individual personal purposes.

59. Defendants engaged in unfair, false, misleading and deceptive acts or practices in holding themselves out as safe and competent providers of cardiac medical care, all in violation of KRS 367.170.

60. Plaintiff Charles Maynard suffered ascertainable losses as a result of the Defendants unfair, false, misleading and/or deceptive acts or practices as set forth herein.

61. These Plaintiffs have suffered actual damages as alleged in this Complaint as a result of the Defendants violation of KRS 367.170, which they are entitled to recover pursuant to KRS 367.220.

62. Plaintiffs are entitled to recover reasonable attorney's fees and costs of litigation pursuant to KRS 367.220(3).

## COUNT VIII
## BATTERY

63. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

64. At all times material hereto, the Defendants represented to Plaintiff Charles E. Maynard that the cardiac procedures were necessary, when in fact the Defendants knew that their representations were medically unnecessary and harmful to Plaintiffs.

65. Defendants negligently and purposefully performed unnecessary and unlawful cardiac medical procedures on Plaintiff Charles Maynard.

66. The unnecessary, unlawful and negligently performed procedures necessarily required the Defendants to physically touch Plaintiff Charles Maynard.

67. Had the Defendants represented to the Plaintiff Charles Maynard that the cardiac procedures were in fact not necessary, he would not have given consent for the touching necessary for the performance of the procedures. Additionally, Charles Maynard was injured during a procedure wherein Dr. Paulus directly and negligently caused him to sustain an aortic aneurism that Mr. Maynard did not have before.

68. As a direct, proximate and foreseeable result of Defendants' conduct Plaintiffs suffered harm as set forth herein.

## COUNT IX
## INJURY AND DAMAGES

69. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

70. As a direct, proximate and foreseeable result of Defendants' conduct as aforesaid, Plaintiff Charles E. Maynard suffered harm, including but not limited to unnecessary, painful and dangerous cardiac procedures, an iotigenic aortic aneurism, serious, painful and permanent injuries to mind and body, and great physical and mental pain and suffering. As a further result of Defendants' misconduct Plaintiff Charles Maynard is now and will always be at risk for future cardiac interventions, continue to live a life of greatly diminished quality, incur unnecessary medical expenses

and he will continue to incur substantial medical costs. Plaintiffs sustained other pecuniary losses past, present and future. Plaintiff Connie Maynard has thereby lost her husband's services and consortium and has incurred medical expenses for her husband's care and treatment.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, for compensatory and punitive damages, interest, costs herein expended; including but not limited to attorney's fees and emotional distress, loss of power to labor and earn; and for any and all further relief to which Plaintiffs may appear entitled.

Respectfully submitted,

_____
MICHAEL B. PASTERNAK (#0059816)
Ohio Bar Registration Number
Park Center II, Suite 411
3681 South Green Road
Beachwood, OH 44122
(216) 360-8500
(216) 360-8501 Fax
Mpasternak1@msn.com
Attorney for Plaintiffs

Plaintiffs endorse a demand for jury trial in this matter.

_____
MICHAEL B. PASTERNAK (#0059816)